UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RENT-A-CENTER, INC.,

        Plaintiff,                    5:10-CV-1413
                                                            (GTS/GHL)
v.

SELENA WILBUR,

        Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

HARTER SECREST & EMREY LLP          JEFFREY J. CALABRESE, ESQ.
  Counsel for Plaintiff
1600 Bausch & Lomb Place
Rochester, NY 14604

QUILLING, SELANDER, LOWNDS,        SANDRA K. LAURO, ESQ.
WINSLETT & MOSER, P.C.
  Counsel for Plaintiff
2001 Bryan Street, Suite 1800
Dallas, TX 75201

LAW OFFICE OF RONALD J. PELLIGRA     RONALD J. PELLIGRA,
                                                                   ESQ.
  Counsel for Defendant
205 South Townsend Street
Syracuse, NY 13202

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANDUM-DECISION and ORDER**

        Currently before the Court in this breach-of-contract action, filed by Rent-A-Center, Inc. ("Plaintiff" or "RAC") against Selena Wilbur ("Defendant"), are the following four motions: (1) a motion for a preliminary injunction filed by Plaintiff (Dkt. Nos. 5-6); (2) a motion to voluntarily dismiss its Complaint without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) filed by Plaintiff (Dkt. No. 17); (3) a motion to dismiss Defendant's counterclaims, or, in the alternative,

to stay this action and compel Defendant to arbitrate her counterclaims filed by Plaintiff (Dkt. No. 21); and (4) a motion to dismiss the action with prejudice based on Plaintiff's withdrawal of the action filed by Defendant (Dkt. No. 23). For the reasons set forth below, Plaintiff's second and third motions are granted; its first motion is deemed withdrawn and/or denied as moot; and Defendant's motion is denied.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Complaint**

On November 22, 2010, Plaintiff filed its Complaint. (Dkt. No. 1.) Generally, in its Complaint, Plaintiff alleges that Selena Wilbur ("Defendant") breached a Business Confidentiality Agreement (the "BCA" or the "Agreement"), which prohibited her from certain post-employment competitive activities. (Dkt. No. 1.) More specifically, Plaintiff alleges that Defendant, who had access to "confidential and valuable information concerning RAC's customers and employees, pricing and marketing, including RAC's strategy," (1) went to work for easyhome, a competitor, at easyhome's Syracuse Office, which is located within a seven-mile radius of Plaintiff's Syracuse store (where Defendant previously worked), (2) "upon information and belief," has "solicited RAC employees with whom she worked to join easyhome[,]" and (3) "upon information and belief . . . [has] contacted RAC's customers to take their business to easyhome." (*Id.*)

Plaintiff does not request a monetary award in its Complaint. Rather, as relief, Plaintiff "seeks a preliminary injunction to enforce the BCA and protect [its] confidential information, customer goodwill and legitimate business interests." (Dkt. No. 1 at ¶ 4.) Plaintiff alleges that, if Defendant is not enjoined from breaching the BCA, Plaintiff will suffer irreparable harm. Plaintiff further alleges that "[t]his court has subject matter jurisdiction over this matter pursuant

to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000." (Dkt. No. 1 at ¶ 7.)

### B. Plaintiff's Motion for a Preliminary Injunction

On November 23, 2010, Plaintiff filed a motion for a preliminary injunction, which was supported by affidavits and other exhibits. (Dkt. Nos. 5, 6.) On December 17, 2010, Defendant filed an Answer and Counterclaim, alleging, among other things, that the BCA is unenforceable because (1) no consideration was provided in exchange for her signature and (2) the BCA was signed under duress. (Dkt. No. 10.) On December 21, 2010, Defendant filed a memorandum of law in opposition to Plaintiff's motion, which was supported by affidavits and other exhibits. (Dkt. No. 11.)

### C. Hearing on Plaintiff's Motion for a Preliminary Injunction

On December 22, 2010, the Court held a hearing ("the Hearing") regarding Plaintiff's motion for a preliminary injunction. No witnesses testified during the hearing. However, among other things, Defendant, who was present at the Hearing, indicated, through her attorney, that (1) she has not solicited any Rent-A-Center customers,[1] (2) while she is unsure of where her employer derives its customer list, she has not added any prospective customers to their list, (3) her current employer advertises its business to prospective employers and rewards new customers with cash and/or discounts when they provide leads in the form of friends or family-member contacts, and (4) although she has seen certain of Plaintiff's customers enter easyhome's store, she has not dealt directly with any of them. In addition, after Plaintiff was unable to provide the Court with any financial information relevant to the Rent-A-Center store in

---

[1] Indeed, she stated that she still has family members who are customers of Plaintiff.

3

Syracuse, the Court indicated on the record that it has "serious reservations" about whether Plaintiff's claim meets the jurisdictional minimum. At the conclusion of the Hearing, the Court afforded the parties seven days to submit further briefing on the many arguments raised during the hearing and many issues identified by the Court.

### D. Plaintiff's Motions to (1) Voluntarily Dismiss Its Complaint, and (2) Dismiss Defendant's Counterclaims or Compel Defendant to Arbitrate Her Counterclaims

On December 29, 2010, Plaintiff filed a motion to voluntarily dismiss its Complaint without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). (Dkt. No. 17.) On January 7, 2011, after the deadline to submit briefing on the many arguments raised during the hearing had expired, and before Defendant submitted a response to Plaintiff's motion to dismiss, Plaintiff filed a motion to dismiss Defendant's counterclaims, or, in the alternative, to stay this action and compel Defendant to arbitrate her counterclaims. (Dkt. No. 21.) On January 11, 2011, Defendant submitted a letter-motion requesting that Plaintiff's Complaint be dismissed "based on RAC's withdrawal of the lawsuit in Federal Court." (Dkt. No. 23.) However, Defendant requested that the dismissal be "with prejudice." (*Id.*)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motion for Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2)

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, except where all parties agree to a stipulation of dismissal,

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

"Voluntary dismissal without prejudice is thus not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). "Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any undue vexatiousness on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano*, 900 F.2d at 14 (internal quotation marks omitted). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, No. 09-5205, 2011 WL 206192, at *5 (2d Cir. 2011).

### B. Legal Standard Governing Motion to Dismiss or Compel Arbitration

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, "creates a body of federal substantive law of arbitrability applicable to arbitration agreements . . . affecting interstate commerce." *Alliance Bernstein Inv. Research & Mgmt., Inc. v. Schaffran*, 445 F.3d 121, 125 (2d Cir. 2006) (internal quotation marks omitted).[2] The FAA is an expression of "a strong federal policy favoring arbitration as an alternative means of dispute resolution." *Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001). In fact, the Second Circuit has said that "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy we have often and emphatically applied." *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006) (internal quotation marks omitted).

However, "emphatic application does not amount to automatic application." *Ragone v. Atlantic Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010). This is because the FAA

---

[2] Plaintiff argues (and Defendant does not dispute) that the agreement at issue here affects interstate commerce. Accordingly, there is no question that the FAA applies.

provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). "As a result, prior to compelling arbitration, the district court must first determine two threshold issues that are governed by state rather than federal law: (1) [d]id the parties enter into a contractually valid arbitration agreement[;] and (2) [i]f so, does the parties' dispute fall within the scope of the arbitration agreement?" *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003).

### III. ANALYSIS

#### A. Plaintiff's Motion for Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2)

##### 1. Diligence in Bringing Its Motion

"When analyzing whether a party was diligent in bringing a motion, courts have focused on whether or not the moving party encouraged the non-moving party to continue discovery without any intention of pursuing its claims." *Omega Inst., Inc. v. Univ. Sales Sys., Inc.*, 08-CV-6473, 2010 WL 475287, at *3 (W.D.N.Y. Feb. 5, 2010) (collecting cases). "In addition, courts consider factors such as the length of time an action has been pending." *Omega Inst., Inc.*, 2010 WL 475287, at *3 (collecting cases). However, ultimately, "[c]ourts are concerned with whether the efforts of the party were 'geared towards an efficient resolution.'" *Id*. (quoting *United States v. Underwriters Ins. Co. v. United Pac. Assocs.*, 05-CV-1012, 2006 WL 2038507, at *2 [E.D.N.Y. July 19, 2006]).

Here, Plaintiff filed its Complaint on November 22, 2010, and Defendant filed its Answer on December 17, 2010.  The Court then held a hearing regarding Plaintiff's motion for a preliminary injunction on December 22, 2010.  Seven days later, Plaintiff sought voluntary dismissal.  The parties have not yet commenced discovery, and the Court has not yet issued a decision on Plaintiff's motion for a preliminary injunction.  In sum, the action is relatively new; and it cannot be said (nor has Defendant argued) that Plaintiff was not diligent in bringing its motion.

For these reasons, the Court concludes that this factor weighs in favor of dismissal without prejudice.

### 2. "Undue Vexatiousness"

"In determining whether a party was unduly vexatious in pursuing its claim, courts consider whether the party had ill-motive." *Omega Inst., Inc.*, 2010 WL 475287, at *4.  "As with the diligence factor, courts find 'ill-motive' where plaintiff has assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal." *Id*.

While Plaintiff certainly gave the Court every indication that it believed that pursuing injunctive relief in federal court (as opposed to resolving the dispute through arbitration as the BCA and Mutual Agreement to Arbitrate Claims permit) was necessary, the Court cannot conclude, based on this fact alone, that Plaintiff's change of heart constitutes "ill-motive."  This is because (1) based on the costs associated with arbitrating certain issues and litigating others, and the fact that a counterclaim was filed, it is the Court's opinion that arbitration is the proper avenue to resolve the parties' disputes, and (2) Defendant points to no concrete evidence of "undue vexatiousness."  In fact, Defendant makes no argument at all regarding this (or any

7

other) factor.  The Court would add only that, while it declines to address the merits of Plaintiff's request for injunctive relief, it cannot be said that the request was frivolous or baseless.

For these reasons, the Court concludes that this factor weighs in favor of dismissal without prejudice.

### 3. Whether the Suit Has Progressed to a Prejudicial Point

"The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance." *Omega Inst., Inc.*, 2010 WL 475287, at *4.  "[T]he focus of the analysis on a motion for voluntary dismissal is the prejudice to the defendant." *BD ex. Rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 123 (S.D.N.Y. 2000).

Here, as previously mentioned, this case is relatively new, the parties have not begun discovery, and the Court has yet to issue a decision regarding Plaintiff's request for injunctive relief.  In addition, in light of the fact that Defendant has filed counterclaims (which, for the reasons stated below in Part III.B. of this Decision and Order, must be resolved through arbitration), it does not appear that she will be unduly prejudiced by having Plaintiff's request for injunctive relief also considered by an arbitrator.  The Court notes that, in light of Plaintiff's indication in its motion papers that it will submit its request for injunctive relief to the arbitration panel, there appears to be little, if any, potential for relitigation of this action in court.  Finally, in the event that Plaintiff seeks to re-litigate its request for injunctive relief in court, whatever financial harm Defendant may suffer can be eliminated by an award of attorney's fees for the costs associated with the initial litigation.  *See Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) (noting that "[f]ee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2). . . . [in order] to reimburse the defendant for the litigation costs

incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him").

For these reasons, the Court concludes that this factor weighs in favor of dismissal without prejudice.

### 4. Duplicative Expense of Relitigation

"The mere prospect of a second litigation is insufficient to rise to the level of legal prejudice." *Omega Inst., Inc.*, 2010 WL 475287, at *5. This is especially true when work already done by Defendant may be re-used in a subsequent, similar action. *See Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, 01-CV-9649, 2006 WL 3456521, at *7 (S.D.N.Y. Nov. 30, 2006) ("[E]ven if Banco Central were to re-litigate the remaining claims in a future action, whatever work that defendants have done in preparing for trial can easily be used in a subsequent, similar action."); *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2002) (finding no prejudice where defendant "can use some of the material discovered and the legal work already done, if the case is renewed in the future").

As the Court noted above in Part III.A.3. of this Decision and Order, based on Plaintiff's statement that it will submit its claim for injunctive relief to an arbitration panel, there appears to be little, if any, potential for relitigation of this action in court. The Court would add only that, because Defendant has already submitted a response to Plaintiff's motion for a preliminary injunction, the fear that Defendant will incur additional expenses in arbitration (or through re-litigation) is almost non-existent.

For these reasons, the Court concludes that this factor weighs in favor of dismissal without prejudice.

9

### 5. Adequacy of Explanation

In evaluating this factor, courts consider whether the moving party has provided a "reasonable explanation for why it wishes to have its . . . claims voluntarily dismissed without prejudice." *Banco Cent. de Paraguay*, 2006 WL 3456521, at *7. When a court is convinced that the plaintiff seeks dismissal to "avoid the prospect of an adverse decision on a dispositive motion," dismissal may be inappropriate. *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp.2d 569, 572 (S.D.N.Y. 2004).

Here, Plaintiff's explanation for seeking dismissal without prejudice is that Defendant's counterclaim is subject to arbitration pursuant to the express language in the Mutual Agreement to Arbitrate Claims (hereinafter "Arbitration Agreement"), and therefore it will be "more efficient to have [Plaintiff's] claims and [Defendant's] counterclaim heard by the arbitration panel." (Dkt. No. 17.) Plaintiff's motion was not filed until twelve days after Defendant filed her answer, and, tellingly, not until seven days after the Hearing, during which Plaintiff's counsel advocated on the record that it was not necessary for Plaintiff to submit its request to arbitration before commencing this action in federal court. Therefore, the Court is not entirely convinced that Plaintiff's explanation is genuine. However, Defendant has failed to argue otherwise. Furthermore, the Court agrees with Plaintiff's argument that it would be more efficient to have all claims heard and considered at once.

For these reasons, the Court concludes that this factor weighs neither in favor of nor against dismissal without prejudice.

### 6. Conclusion

Based on a careful weighing of the above-described factors, the Court concludes that Plaintiff's motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) should be granted, and Plaintiff's Complaint should be dismissed without prejudice.[3]

### B. Plaintiff's Motion for a Preliminary Injunction

Because the Court has concluded that dismissal of Plaintiff's Complaint is appropriate, and because Plaintiff has indicated that it will submit its request for injunctive relief to an arbitration panel, Plaintiff's motion for a preliminary injunction is deemed withdrawn, and/or denied as moot.

### C. Plaintiff's Motion to Dismiss Defendant's Counterclaims, or, in the Alternative, to Stay this Action and Compel Defendant to Arbitrate Her Counterclaims

As described above in Part I.D. of this Decision and Order, Plaintiff requests that the Court (1) dismiss Defendant's counterclaims, or (2) in the alternative, to stay the action and compel arbitration under the FAA. Each of the two alternative forms of relief requested by Plaintiff is premised on Plaintiff's argument that, pursuant to the FAA and the clear and unmistakable language of the parties' Arbitration Agreement, (1) Defendant's counterclaims *must be* submitted to binding arbitration under the circumstances, and (2) whether Defendant may challenge the Arbitration Agreement as unenforceable may be decided only by the arbitrator.

---

[3] As a result, Defendant's motion to dismiss Plaintiff's Complaint with prejudice is denied.

11

The Court agrees with Plaintiff that, had Defendant challenged the Arbitration Agreement as unenforceable, that issue would need to be decided by the arbitrator pursuant to the FAA and the clear and unmistakable language of the Arbitration Agreement. *See Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, at 2779-81 (2010). However, Defendant has not challenged the enforceability of the Arbitration Agreement. Indeed, Defendant has not even challenged Plaintiff's argument that the Court may compel the parties to arbitrate their disputes. As a result, Plaintiff's motion to dismiss Defendant's counterclaims or, in the alternative, to stay this action and compel Defendant to arbitrate her counterclaims is deemed unopposed; and Plaintiff's burden is lightened such that, in order to succeed, Plaintiff need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest threshold burden of establishing entitlement to arbitrate the entire dispute between the parties, under the circumstances. The Court notes that Plaintiff's motion would survive even the heightened scrutiny appropriate on a contested motion. For example, regardless of whether New York or Texas law applies, the agreement is enforceable because (1) it requires both parties to submit their disputes to arbitration, (2) it was properly executed, (3) Defendant was able to continue her employment as a result of signing it, and (4) its language

requiring arbitration is clear and unambiguous (and indeed is written in capital letters).[4]  In addition, the counterclaims for intentional infliction of emotional distress and harassment fall within the scope of the Arbitration Agreement.  (*See* Dkt. No. 21, Attach. 7, at 1 ["The claims covered by this Agreement include, but are not limited to: . . . claims for breach of any contract or covenant (express or implied); tort claims for discrimination (including, but not limited to race, sex, sexual harassment, sexual orientation, religion, national origin, age, workers' compensation, marital status, medical condition, handicap or disability) . . . and claims for violation of any federal, state or other government law, statute, regulation, or ordinance, except claims excluded in the section of this Agreement entitled 'Claims Not Covered by the Agreement.'"].)

For these reasons, the Court directs Defendant to submit her counterclaims to arbitration. The Court will stay the action pending the completion of arbitration.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to dismiss its claims pursuant to Fed. R. Civ. P. 41(a)(2) (Dkt. Nos. 17, 21) is **GRANTED**, and Defendant's motion requesting dismissal with prejudice is **DENIED** (Dkt. No. 23); and it is further

---

[4] *See JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 170 n.5 (2d Cir. 2004) ("Even where there is some disparity in bargaining power, there is no inherent unfairness or unconscionability in an arbitration clause if both parties are bound by it and know of its existence."); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 207 (2d Cir. 1999) (holding arbitration clause in form contract on which employment was conditioned not unconscionable contract of adhesion because it bound both parties); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003) (noting that an arbitration agreement requiring both parties to submit to arbitration constitutes sufficient consideration for the formation of an enforceable contract).

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. Nos. 5-6) is deemed **WITHDRAWN** and/or **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's motion to dismiss the Defendant's counterclaims is **DENIED**, and Plaintiff's motion to stay this action and compel Defendant to arbitrate her counterclaims (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED** that this action is **STAYED** pending the completion of arbitration.

Dated: March 11, 2011
    Syracuse, New York

*[Signature]*
Hon. Glenn T. Suddaby
U.S. District Judge